Julie R. Trotter, Bar No. 209675
  jtrotter@calljensen.com
Michael S. Orr, Bar No. 196844
  msorr@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendants 7-Eleven, Inc. and
Ha To dba 7-Eleven #29943

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK, | Case No.  5:21-cv-00048-NC |
| Plaintiff, | |
| vs. | **DEFENDANTS 7-ELEVEN, INC.'S AND HA TO DBA 7-ELEVEN #29943'S ANSWER TO PLAINTIFF HENDRIK BLOCK'S COMPLAINT; DEMAND FOR JURY TRIAL** |
| 7-ELEVEN, INC.; HA TO dba 7-ELEVEN #29943; SOUTHWEST EXPRESSWAY INVESTORS, LTD., A CALIFORNIA LIMITED PARTNERSHIP, | |
| Defendants. | |
| | Complaint Filed:   January 5, 2021 |
| | Trial Date:   None Set |

Defendants 7-Eleven, Inc. and Ha To dba 7-Eleven #29943 ("Defendants") hereby answer the Complaint ("Complaint") of Plaintiff Hendrik Block ("Plaintiff") as follows:

1.      In response to paragraphs 1, 2, 7, 8, 9, 10, 11, 12, 13, 21, 22, 23, 25, 26, 28, 30, 31, 32, 33, 38, 39, 40, 41, 45, and 46 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny the allegations.

2.      In response to paragraphs 17, 19, 20, 24, 27, 29, 35, 36, 37, 43, and 44 of the Complaint, Defendants state the law speaks for itself.

3.      In response to paragraphs 16, 34, and 42 of the Complaint, Defendants incorporate by reference as if fully set forth herein their prior responses.

4.      In response to paragraphs 14, 15, and 18 of the Complaint, Defendants deny the factual allegations.

5.      In response to paragraphs 3, 4, 5, and 6 of the Complaint, Defendants deny these allegations because Plaintiff has not adequately pled standing and his claims are, or shortly will be, moot.

## FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Claim)

1.      The Complaint filed herein and each purported cause of action alleged therein, fails to state facts sufficient to constitute a valid cause of action against Defendants.  Plaintiff fails to allege the specific barriers he encountered or how such barriers actually impacted his use of the property.

## SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Lack of Standing)

2.      Plaintiff lacks standing to the extent he seeks relief for alleged barriers that do not impact his particular disability, to the extent he did not suffer any actual injury, to the extent the barriers alleged no longer exist at the property or Plaintiff has no present intention of returning to the location.

CALL&
JENSEN

## THIRD SEPARATE AND ADDITIONAL DEFENSE
### (Mootness)

3.     Plaintiff's complaint is barred because the barriers alleged are not currently present at the property or the alleged barriers do not impact Plaintiff's use of the premises.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (Laches)

4.     To the extent Plaintiff purportedly visited the store numerous times, or was deterred from visiting, but delayed prosecution of this action until the present time in an apparent effort to increase his purported damages, Plaintiff is barred in whole or in part by the doctrine of laches.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (Failure to Mitigate Damages)

5.     Defendants allege that Plaintiff acted unreasonably and failed to mitigate his damages. Plaintiff purportedly visited the facility numerous times without providing notice to Defendants of the alleged difficulties or barriers he encountered and never requested anyone take action to remediate or alter the conditions at the property.  Prior to filing suit, Plaintiff never informed Defendants of his needs and never asked Defendants to provide any equivalent facilitation or asked them to alter their conduct. Instead, Plaintiff allegedly visited the facility repeatedly, or was deterred from visiting, for the sole purpose of increasing Defendants' exposure to liability for statutory damages.

/ / /
/ / /
/ / /

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Acts or Omissions of Plaintiff)

6.     The alleged claims in the Complaint are barred to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

7.     To the extent Plaintiff visited the facility, encountered a barrier or experienced difficulty, discomfort, or embarrassment, and failed to notify Defendants of the experience or request corrective action, or was deterred, Plaintiff accepted the condition and is estopped from seeking relief from Defendants for subsequent visits or instances of deterrence.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Injury to Plaintiff)

8.     The Complaint, and each cause of action contained therein, is barred because Plaintiff has not been injured at all as a result of the alleged conduct by Defendants.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Plead with Certainty and Particularity)

9.     The allegations of the Complaint, and each purported cause of action contained therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

/ / /

/ / /

/ / /

1

2

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Readily Achievable Defenses)

3

4

5

6

7

8

9

10

11

10.     Based on information and belief, the facility at issue was constructed prior to the current ADA accessibility standards and no structural modifications or alterations have been made to the property since construction triggering Defendants' obligation to alter the property.  As a result, barriers are only required to be removed where "readily achievable."  Plaintiff has failed to provide any information, design, or plans sufficient to determine whether resolution of his claims are "readily achievable."  However, to the extent the Complaint, or any purported cause of action contained therein, purports to allege that removal of architectural barriers at the facility is "readily achievable," Defendants state that such removal cannot be achieved with minimal burden or expense.

12

13

14

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

15

16

17

18

11.     Based upon information and belief, Defendants allege that Plaintiff visited the property, or was deterred, on multiple occasions, without providing notice of alleged discriminatory conduct or conditions, for the sole purpose of increasing statutory damages and not for the purpose of obtaining the goods and services offered.

19

20

21

## RESERVATION OF ADDITIONAL DEFENSE

### (Additional Defenses)

22

23

24

25

12.     To the extent the allegations of the Complaint are not pled with sufficient particularity and are uncertain, vague, ambiguous or unintelligible, Defendants reserve the right to allege additional defenses as they become known during discovery, and to amend their Answer accordingly.

26

/ / /

27

/ / /

28

/ / /



SEV07-87:2973897_1:2-16-21                                     - 5 -

DEFENDANTS 7-ELEVEN, INC.'S AND HA TO DBA 7-ELEVEN #29943'S ANSWER TO PLAINTIFF HENDRIK
BLOCK'S COMPLAINT; DEMAND FOR JURY TRIAL

1    WHEREFORE, these answering Defendants pray judgment as follows:

2    1.    That Plaintiff takes nothing by way of this Complaint;

3    2.    That Judgment be rendered in favor of Defendants against Plaintiff and
4          that the Complaint be dismissed with prejudice;

5    3.    That Defendants be awarded their costs of suit incurred in the defense of
6          this action;

7    4.    That Defendants be awarded their attorneys' fees of suit incurred in the
8          defense of this action; and

9    5.    For such other relief as the Court deems proper.

10

11   Dated:  February 16, 2021          CALL & JENSEN
12                                      A Professional Corporation
                                        Julie R. Trotter
13                                      Michael S. Orr

14
15                                      By: */s/ Michael S. Orr*
                                            Michael S. Orr
16
                                        Attorneys for Defendants 7-Eleven, Inc. and
17                                      Ha To dba 7-Eleven #29943

18

19

20

21

22

23

24

25

26

27

28

SEV07-87:2973897_1:2-16-21

DEFENDANTS 7-ELEVEN, INC.'S AND HA TO DBA 7-ELEVEN #29943'S ANSWER TO PLAINTIFF HENDRIK
BLOCK'S COMPLAINT; DEMAND FOR JURY TRIAL

1

## **<u>DEMAND FOR JURY</u>**

2          Defendants 7-Eleven, Inc. and Ha To dba 7-Eleven #29943 hereby demand a jury

3    pursuant to FRCP 38(b) on all issues raised in the Complaint of Plaintiff Hendrik Block.

4

5    Dated:  February 16, 2021                    CALL & JENSEN
                                                   A Professional Corporation
6                                                  Julie R. Trotter
                                                   Michael S. Orr
7

8
                                                   By: */s/ Michael S. Orr*
9                                                       Michael S. Orr

10                                                 Attorneys for Defendants 7-Eleven, Inc. and
                                                   Ha To dba 7-Eleven #29943
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS 7-ELEVEN, INC.'S AND HA TO DBA 7-ELEVEN #29943'S ANSWER TO PLAINTIFF HENDRIK
BLOCK'S COMPLAINT; DEMAND FOR JURY TRIAL