Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
300 South First Street, Suite 342
San Jose, California 95113
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: service@moorelawfirm.com

Attorney for Plaintiff,
Hendrik Block

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>7-ELEVEN, INC., et al.,<br><br>　　　　Defendants. | Case No. 5:21-cv-00048-BLF<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date: July 22, 2021<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Hon. Beth Labson Freeman |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page i

I.   Introduction.

Plaintiff Hendrik Block ("Plaintiff"), who is disabled and requires a mobility device, brought this action against Defendants 7-Eleven, Inc.; Ha To dba 7-Eleven #29943; and Southwest Expressway Investors, Ltd., a California Limited Partnership (collectively "Defendants") because he encountered barriers to his access during a visit to a 7-Eleven store on Fruitdale Avenue in San Jose, California ("the Store"), which is owned and operated by Defendants. Specifically, Plaintiff alleges that he was unable to safely unload into his wheelchair from his vehicle parked in the designated accessible parking stall at the Store because the stall had a very narrow access aisle and was dangerously close to a busy driveway. Plaintiff additionally alleges that he tripped and almost fell over a large pothole at the base of the curb ramp to the entry walkway. (Dkt. 1 ("Complaint"), ¶ 10(a)-(b).) Plaintiff alleges that Defendants accordingly violated Title III of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"), as well as the California Health & Safety Code ("Health & Safety Code").

Defendant Southwest Expressway Investors, Ltd., a California Limited Partnership ("the Landlord"), the Store's landlord, has filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), arguing that the Court lacks both subject-matter and supplemental jurisdiction, and 12(b)(6) ("Rule 12(b)(6)"), arguing that Plaintiff has failed to state a claim upon which relief can be granted. The Landlord additionally moves for a more definite statement under Federal Rule of Civil Procedure 12(e) ("Rule 12(e)"), on essentially the same basis as their Rule 12(b)(6) motion.

The crux of the Landlord's arguments as to subject-matter jurisdiction, failure to state a claim, and for a more definite statement is whether Plaintiff sufficiently alleged violations under the ADA. As set forth below, because Plaintiff has met the pleading standard for such allegations, the motion fails on each count.

//
//
//

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page 1

## II. Plaintiff objects to Landlord's Request for Judicial Notice.

Plaintiff objects to the Landlord's Request for Judicial Notice as the purported docket reports do not accurately reflect the number of cases he has filed as many of the listed cases are duplicated. Further, under Cal. Code of Civ. Proc. 425.55(b)(1), only cases filed in the twelve months preceding this action are relevant, yet several on the list provided by the Landlord (Dkt. 19, Exh. 2) were actually filed *after* this one. Further, the Complaint filed in this matter is not the proper subject of judicial notice.

Nevertheless, Plaintiff does not dispute that he is what many would consider to be a 'serial ADA plaintiff.' However, the Ninth Circuit has favored exactly the type of litigation brought by 'serial litigants' such as Plaintiff in these actions: "[F]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations are compliant with the ADA." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007). Attacking the credibility of a plaintiff based on past litigation history has been expressly disfavored by the Ninth Circuit. "[W]e cannot agree that [Plaintiff's] past ADA litigation was properly used to impugn her credibility." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008). The express purpose of the ADA is to eliminate discrimination against persons with disabilities. 42 U.S.C. § 12101(b)(1). And it is only through the actions of individuals such as Plaintiff that such an outcome can be achieved. Plaintiff's litigation history is therefore irrelevant.

## III. Plaintiff has met the applicable pleading standard.

Federal Rules of Civil Procedure, Rule 8, requires a plaintiff to provide a "short and plain statement of the claim showing the pleader is entitled to relief." This has been interpreted by the Supreme Court as a sufficient statement to provide the defendant with fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) further interpreted this requirement in the context of the ADA. In terms of barrier identification, *Oliver*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page 2

did not require more than a Rule 8 disclosure, but rather found that relief cannot be granted for claims not made in the complaint (i.e., first identified in the expert disclosure). *Id*., at 909. Here, Plaintiff specifically alleged that he encountered barriers to his access, provided the factual nature of his experience, and alleged that the barriers existed in violation of the ADA and related California law. These allegations, taken as true, provide sufficient notice and establish a claim.

> [W]hen notice of a claim is given that satisfies Rule 8, concerns about specificity in a complaint are properly addressed through discovery devices under Rules 26, 27, 33, and 36. . . . Accordingly, we conclude that there is no sound basis on which to override our normal standing and notice pleading requirements in a quest for more specificity.

*Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 842-843 (9th Cir. 2007); *see also Sharp v. Islands Rest*., 900 F. Supp. 2d 1114 (S.D. Cal. 2012) harmonizing *Oliver* and *Skaff*.

Plaintiff is not required to set forth all facts in his complaint, simply enough to provide notice to Defendants of his claim. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). The *Twombly* court addressed at length the previous pleading standard set forth (and as subsequently applied) in *Conley* v. *Gibson*, 355 U.S. 41 (1957).

> We could go on, but there is no need to pile up further citations to show that Conley's "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the Conley Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: <u>once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint</u>.

*Twombly*, 550 U.S. at 544 (emphasis added). The *Twombly* court was faced with an antitrust complaint that provided only a formulaic recitation of the elements of the cause of action, and which was defended under *Conley's* "*no* set of facts" proposition. *Twombly* does not require each and every fact to be pled, only "any set of facts" which support the claim. Plaintiff does so. He addresses his claims, and provides detailed facts upon which his claim rests. What the

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page 3

Landlord appears to argue is that the facts *could* ultimately be found not to support a judgment (a claim likely embraced by defendants in virtually any action), but this is not how the facts are to be construed; the facts are to be construed in a manner most favorable to Plaintiff.

A complaint need not state "detailed factual allegations," but must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 556). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also Skaff*, 506 F.3d at 842-843.

The Ninth Circuit has recently provided some examples of allegations that it considers sufficient to plead a claim under the ADA, contrasting them to those it finds insufficient:

> The complaint alleges that Tesla "failed to provide accessible service counters," that Whitaker "personally encountered" the inaccessible service counters, and that he was denied "full and equal access." These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of how the counters prevented Whitaker from full and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

*Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 2021 U.S. App. LEXIS 1953 * 8 (9th Cir. 2021).

Here, Plaintiff chronicled exactly the inaccessible conditions he encountered at the Store. (Complaint, ¶ 10.) He identified each condition he encountered, and how it affected him, sufficiently putting Defendants on notice of his claims. Federal accessibility standards govern the width of the access aisle (*see* Appendix A of 28 C.F.R. § 36.406; 1991 Standards § 4.1.2(5) and 2010 Standards § 502.3.1 (access aisles must be a minimum of 60 to 96 inches wide, depending on the width of the parking stall and whether it is required to be van-accessible)), as

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page 4

well as the requirement for a level surface at the bottom of curb ramps (*Id*., 1991 Standards § 4.8.4 (curb ramps must have level landings at the bottom and top) and 2010 Standards § 406.2 (the adjacent surfaces at transitions to curb ramps shall be at the same level), *see also* 1991 ADAAG § 4.3.8 and 2010 Standards § 303, *et seq*. (governing changes in level)). However, Plaintiff need not state specifically *which* accessibility standards were violated. Indeed, until discovery is undertaken to identify which standards to apply to the Store based on its construction and alteration history, Plaintiff could not allege such specifics.

Plaintiff claims that the Defendants in this action violated the ADA, Unruh Act, and Health & Safety Code. In support of his claim, he alleges that he encountered barriers to his full and equal access, and describes those encounters. In alleging that he encountered difficulty due to the narrowness of the access aisle – exacerbated by the fact that it was adjacent to a busy driveway – and tripped over the pothole at the base of the curb ramp, Plaintiff has provided Defendants with sufficient information to investigate his claims. Plaintiff has met the requirements of Rule 8.

## IV.     Rule 12(b)(1) Motion.

### A.     Standard of review

A motion to dismiss for lack of standing under Rule 12(b)(1) may be brought facially or factually. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." S*afe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Landlord makes such a facial attack on Plaintiff's complaint under Rule 12(b)(1).

When reviewing a facial attack under Rule 12(b)(1), a court must "assume [the plaintiff's] allegations to be true and draw all reasonable inferences in [the plaintiff's] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page 5

the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) (overruled on other grounds).

A motion to dismiss under Rule 12(b)(1) cannot be granted for lack of subject matter jurisdiction if the complaint purports to set out a federal claim, and the claim is not insubstantial and frivolous. *Buchler v. United States*, 384 F. Supp. 709, 1974 U.S. Dist. LEXIS 5838 (E.D. Cal. 1974). Further, where a statute provides the basis of both subject matter jurisdiction and the plaintiff's substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous; otherwise, dismissal would be based upon Rule 12(b)(6). *Timberlane Lumber Co. v. Bank of America, N.T. & S.A.*, 549 F.2d 597, 1977-1 Trade Cas. (CCH) ¶61233, 1976 U.S. App. LEXIS 5710 (9th Cir. 1976) (superseded by statute on other grounds as stated in *McGlinchy v Shell Chemical Co.* (1988, CA9 Cal) 845 F2d 802, 1988-1 CCH Trade Cases P 67973, 25 Fed Rules Evid Serv 813). Assuming Plaintiff's allegations as true and construing them favorably to him, it is clear that his claims that the Store was not accessible to him are not frivolous.

### B.  This Court has subject-matter jurisdiction over Plaintiff's federal claims.

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff alleges that Defendants violated various provisions of the ADA by failing to design and construct accessible facilities, remove architectural barriers, make an altered facility accessible, or modify existing policies and practices necessary to make the Store accessible. See 42 U.S.C. §§ 12182(b), 12183(a).

//

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page 6

The Landlord argues that Plaintiff did not sufficiently plead violations of the ADA, and accordingly has not established subject-matter jurisdiction. As set forth above, Plaintiff has sufficiently pled violations of the accessibility standards in support of his claims arising under the ADA. As such, this Court has subject-matter jurisdiction over those claims.

### V.     The Court should exercise supplemental jurisdiction because Plaintiff's state claims are predicated on his allegations that Defendants violated the ADA.

Plaintiff alleges that, having violating the ADA by failing to meet federal accessibility standards, Defendants have also violated the Unruh Act. Under the Unruh Act, violations of the ADA also constitute discrimination pursuant to California law. Civ. Code § 51(f). The Unruh Act, unlike the ADA, provides an additional remedy of $4,000 statutory damages. Plaintiff asks that the Court exercise supplemental jurisdiction over his state claims, which arise from the exact same set of facts as his ADA claims, so that he may recover statutory damages under the Unruh Act in addition to the injunctive relief, attorney's fees, costs, and, importantly, litigation expenses, that are available to a prevailing party under the ADA.

Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim" if:

1. The claim raises a novel or complex issue of State law,
2. The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
3. The district court has dismissed all claims over which it has original jurisdiction, or
4. In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The above factors are to be informed by the values of "economy, convenience, fairness and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). None of these factors apply in this action.

//

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page 7

The proper context for analysis of whether state law claims predominate is to consider whether those claims "substantially predominate . . . in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (*superceded by statute on different issue*). The Ninth Circuit has indicated that the § 1367(c) inquiry should be informed by the Supreme Court decision in that case. *Acri,* 114 F.3d at 1001. Plaintiff's state claims are premised on the alleged violations of the ADA, and no novel or complex issues of state law are raised; therefore supplemental jurisdiction is appropriate.

Further, it is clearly more convenient and economical for the ADA claim and the state-law claims based on those same ADA violations to be litigated in one suit. Comity does not favor declining jurisdiction where state law incorporates the federal substantive standard and simply provides additional remedies. To separate the claims would create significant redundancy and put additional needless strain on the state court.

## VI.   Rule 12(b)(6) Motion.

### A.   Legal standard for review of Rule 12(b)(6) motion.

The Landlord premises its Rule 12(b)(6) motion on the same argument discussed previously, namely that Plaintiff has not pled his claims with enough specificity to state a claim.

As with a facial attack under Rule 12(b)(1), for purposes of ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations of material fact in the complaint as true and construe the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).

Again, in the context of a Rule 12(b)(6) motion, the facts alleged in Plaintiff's Complaint must be taken as true, and he has adequately pled each of the elements of his claim under Rule 8 as set forth above. Accordingly, Plaintiff has met his *prima facie* burden.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page 8

**VII.   Rule 12(e) Motion**

Rule 12(e) motions are "disfavored and rarely granted." *Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035, 1045 (N.D. Cal. 2009) (quoting *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)). "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted." *Id*. (quoting *Beery v. Hitachi Home Elecs., Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)). "Concerns about specificity in a complaint are normally handled by the array of discovery devices available to the defendant." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 842 (9th Cir. 2007) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)).

As set forth above, Plaintiff has pled sufficient facts to put the Landlord on notice of the barriers he encountered. However, should the Court grant the Landlord's motion on this basis, Plaintiff should be granted leave to amend to correct any identified deficiencies.

**VIII.   Conclusion**

For the above-stated reasons, Plaintiff requests that the Landlord's motion be denied. If the Court decides to grant the motion on the basis that Plaintiff has not pled his claim with enough specificity, Plaintiff asks that he be permitted to amend his complaint.

Respectfully submitted,

Dated: March 11, 2021                                        MOORE LAW FIRM, P.C.

                                                             /s/ *Tanya E. Moore*
                                                             Tanya E. Moore
                                                             Attorney for Plaintiff,
                                                             Gerardo Hernandez

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SOUTHWEST EXPRESSWAY INVESTORS, LTD.'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Page 9