1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

HENDRIK BLOCK,

               Plaintiff,

     v.

7-ELEVEN, INC.; HA TO dba 7-ELEVEN #29943; SOUTHWEST EXPRESSWAY INVESTORS, LTD., A CALIFORNIA LIMITED PARNTERSHIP,

               Defendant.

Case No.  5:21-cv-00048-BLF

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT**

[Re: ECF 18]

Plaintiff Hendrik Block alleges that 7-Eleven, Inc., Ha To dba 7-Eleven #29943, and Southwest Expressway Investors, Ltd. have violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and related California statutes. *See* Compl., ECF 1. Before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) and a motion for a more definite statement under Federal Rule of Civil Procedure 12(e) filed by Defendant Southwest Expressway Investors, Ltd. (hereinafter, "Southwest" or "Defendant"). *See* Mot., ECF 18. This matter is suitable for disposition without oral argument and thus the hearing set for July 22, 2021 is vacated and the matter is hereby submitted for decision. For the reasons set forth below, the Court DENIES Defendant's motion to dismiss and motion for a more definite statement.

**I.  BACKGROUND**

Plaintiff is physically disabled with limited ability to walk and "must use a cane, walker, wheelchair or electric scooter for mobility." Compl. ¶ 8. Plaintiff alleges that on or about November 4, 2020, he visited 7-Eleven #29943 (the "Facility"), an alleged public accommodation

owned, operated, and/or leased by Defendants. *Id.* ¶¶ 7, 9.[1] Plaintiff alleges that during his visit, he encountered two barriers. *Id.* ¶ 10. He first alleges that the access aisle of the designated parking space was too narrow and dangerously close to a busy driveway, preventing him from unloading his wheelchair. *Id.* Second, he alleges that, while using his cane, he almost fell over a large pothole located "at the base of the curb ramp to the entry walkway." *Id.* Because of these barriers, Plaintiff alleges that he "was, and continues to be, deterred from visiting the Facility . . . and will return to the Facility once the barriers are removed." *Id.* ¶ 12.

Plaintiff alleges that Defendants have sufficient control and financial resources to remove the barriers. *Id.* ¶¶ 13–14. Defendants allegedly "knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled." *Id.* ¶ 13. According to Plaintiff, "the (continued) presence of barriers at the Facility is so obvious as to establish Defendants' discriminatory intent." *Id.* ¶ 15.

On January 5, 2021, Plaintiff filed the Complaint, alleging violations of (1) the ADA, 42 U.S.C. §§ 12101 *et seq.*; (2) the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51 *et seq.*; and (3) the California Health and Safety Code § 19959(a). *See* Compl. On February 25, 2021, Defendant filed the instant motion to dismiss and a motion for a more definite statement. *See* Mot. Defendant concurrently submitted a request for judicial notice in support of its motion. *See* RJN, ECF 19. On March 11, 2021, Plaintiff filed an opposition. *See* Opp. On March 18, 2021, Defendant submitted a reply to Plaintiff's opposition. *See* Reply, ECF 22.

## II.    REQUEST FOR JUDICIAL NOTICE

A district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion; nonetheless, the Court may take judicial notice of documents referenced in the complaint or necessarily relied upon by the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *Lee v. City of LA.*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. Of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). In addition, the Court may take judicial notice of

---

[1] In its opposition brief, Plaintiff contends Southwest is the store's landlord. Opp. 1, ECF 21.

United States District Court
Northern District of California

1   matters that are either "generally known within the trial court's territorial jurisdiction" or "can be

2   accurately and readily determined from sources whose accuracy cannot reasonably be

3   questioned." Fed. R. Evid. 201(b).

4        Defendant requests judicial notice of three documents: Westlaw docket search results of

5   the 21 ADA cases that Plaintiff filed in the past 12 months in United States District Courts of

6   California and the 88 ADA cases that Plaintiff filed in past 6 years in the United States District

7   Courts of California, along with the Complaint. RJN, Exhs. 1-3. Plaintiff opposes Defendant's

8   request on the grounds that the search results (1) "do not accurately reflect the number of cases he

9   has filed as many of the listed cases are duplicated" and (2) are irrelevant as they include cases

10   filed after the current action. Opp. 2.

11        The Court may properly take judicial notice of court filings and matters of public record.

12   *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-*

13   *Glendale-Pasadena Airport Auth. V. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

14   Nonetheless, the Court does not need to consider Westlaw search results to resolve the instant

15   motion because Plaintiff admits "that he is what many would consider to be a 'serial ADA

16   plaintiff.'" Opp. 2. Judicial notice is also unnecessary for documents filed in the above-captioned

17   docket, to include the Complaint. Therefore, the Court DENIES Defendant's request for judicial

18   notice as to all three documents.

19   **III.    MOTION TO DISMISS UNDER RULE 12(B)(6): FAILURE TO STATE A CLAIM**

20        "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

21   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

22   *Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

23   729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as

24   true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.

25   *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court

26   needs not "accept as true allegations that contradict matters properly subject to judicial notice" or

27   "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

28   inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation

marks and citations omitted). While a complaint needs not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

Defendant seeks dismissal of Plaintiff's ADA and state law claims under Rule 12(b)(6). Mot. 3. The gravamen of Defendant's argument is that the pleadings are minimal and lack particularity. *See generally id*. 3–4. To this end, Defendant alleges that Plaintiff fails to plead specific parameters and sections of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") that have been violated. *Id.* 4. Defendant also argues that Plaintiff fails to plead the way in which the Health and Safety Code has been violated. *Id.* Plaintiff responds that he has met the pleading standard under Fed. R. Civ. P. 8 because he has "alleged that he encountered barriers to his access, provided the factual nature of his experience, and alleged that the barriers existed in violation of the ADA and related California law." Opp. 3.

**A.  ADA Claim**

To prevail on his ADA claim, Plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) Defendant owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied access to public accommodations by Defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Taking the well-pled allegations in the Complaint as true, Plaintiff has adequately stated an ADA claim. First, he alleges that he has a disability within the meaning of the ADA because he has limited ability to walk and must use a wheelchair, cane, or other equipment for mobility. Compl. ¶ 8. Under the ADA, a physical impairment that substantially affects a major life activity, such as walking, qualifies as a disability. 42 U.S.C §§ 12102(1)(A), (2)(A). Second, he alleges that Defendant owns, leases, or operates the Facility, a place of public accommodation. *Id.* ¶¶ 7, 9; *see also* 42

4

United States District Court
Northern District of California

U.S.C. § 12181(7)(E) (listing "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment" as a place of public accommodation). Third, Plaintiff alleges that during his visit to the Facility, he encountered two barriers—a narrow access aisle and a pothole—which deterred and continue to deter him from visiting the Facility because of his reliance on a wheelchair or walking cane. Compl. ¶¶ 10, 12. Additionally, Plaintiff alleges that Defendant failed to make reasonable modifications that were necessary to allow him to visit the Facility.  Compl. ¶ 30; *see Karczewski v. DCH Mission Valley LLC.*, 862 F.3d 1006, 1011 (9th Cir. 2017). ("In sum, taking the allegations in the complaint as true, Plaintiff has stated a claim that Defendant discriminated against him by failing to make a reasonable modification to a policy, practice, or procedure.").  Therefore, Plaintiff has adequately stated an ADA claim.

Furthermore, the Court finds it unnecessary for Plaintiff to plead specific violations of the ADAAG to state an ADA claim. *See Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1177 (C.D. Cal. 2011) ("A plaintiff need not state a violation of the ADAAG to state a claim under the ADA."); *see also Celano v. Marriott Int'l, Inc.*, No. C 05–4004 PJH, 2008 WL 239306, at*12 (N.D. Cal. Jan. 28, 2008) ("[T]he Ninth Circuit rejected the very argument made by [defendant] in this case: 'that ADA plaintiffs must prove that the defendant contravened a "specific requirement of ADAAG" to establish a violation of the ADA.' . . . Accordingly, the court concludes that plaintiffs' ADA claim may go forward . . . ." (citation omitted)).

### B.  State Law Claims

Because a violation of the ADA constitutes a per se violation of the Unruh Act, the Court necessarily concludes that Plaintiff has adequately stated a claim under the Unruh Act. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) ("[A] violation of the ADA is, per se, a violation of the Unruh Act."); *Ridola v. Chao*, No. 16-CV-02246-BLF, 2018 WL 2287668, at *11 (N.D. Cal. May 18, 2018) (applying *Lentini*); *see* Compl. ¶ 39.

The Court also finds that Plaintiff has adequately stated a claim under the Health and Safety Code. *See* Compl. ¶ 45. Pursuant to California Health & Safety Code § 19955, all public accommodations constructed in California must comply with the requirements of Cal. Gov't Code §4450. Pursuant to Government Code § 4450, "all buildings, structures, sidewalks, curbs, and

1  related facilities, constructed in this state by the use of state, county, or municipal funds, or the

2  funds of any political subdivision of the state shall be accessible to and usable by persons with

3  disabilities." All buildings constructed or altered after July 1, 1970, must comply with standards

4  governing the physical accessibility of public accommodations. Cal. Gov't Code § 4450(a); Cal.

5  Health & Safety Code § 19955; *D'Lil v. Stardust Vacation Club*, No. CIV-S-00-149 6DFL PAN,

6  2001 WL 1825832, at*7 (E.D. Cal. Dec. 21, 2001). Since December 31, 1981, the standards

7  governing accessibility of public accommodations in California have been set forth in Title 24 of

8  the California Regulatory Code, also known as the California Building Code ("CBC"). *See*

9  *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 607 (N.D. Cal. 2004), *amended in part*, No. C02-

10  5849 PJH, 2012 WL 3070863 (N.D. Cal. July 26, 2012).

11       Plaintiff's claim under the Health and Safety Code may be premised on a violation of the

12  CBC. *See* Cal. Civ. Code § 54; Cal. Health & Safety Code § 19955; Cal. Code Regs Title 24 §

13  1134B.1, 2. The CBC does not require facilities that predate its enactment to comply with its

14  regulations unless and until the facility is altered. Here, Plaintiff has alleged that the Facility is a

15  public accommodation "designed and constructed (or both) after January 26, 1993." Compl. ¶¶ 9,

16  23. Therefore, the Facility is subject to access requirements under the CBC. Plaintiff has further

17  alleged that the Facility failed to meet the accessibility requirements for public accommodations in

18  California because the barriers prevented him, a physically disabled person, from visiting the

19  Facility. Compl. ¶¶ 10, 45–46. Thus, Plaintiff has stated a claim under the Health and Safety Code.

20  *See Ridola*, 2018 WL 2287668, at *12 ("Because the Motel and parking lot are not accessible to

21  individuals with disabilities in violation of the CBC, Ridola has shown that Defendants have

22  violated California Health and Safety Code § 19953 *et seq.*").

23       Accordingly, the Court DENIES Defendant's motion to dismiss the Complaint under Rule

24  12(b)(6) for failing to state a claim.

25  **IV.    MOTION TO DISMISS UNDER RULE 12(B)(1): LACK OF SUPPLEMENTAL
        JURISDICTION**

26

27       A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367.

28  Section 1367(a) provides that "in any civil action of which the district courts have original

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under § 1367(c), however, a district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim where one or more of the following circumstances exists:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Ninth Circuit has held that § 1367 requires that the court exercise supplemental jurisdiction pursuant to § 1367(a) unless such exercise would destroy diversity jurisdiction or one of the specifically enumerated exceptions set forth in § 1367(c) applies. *Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994). Court will also have supplemental jurisdiction if the claims arise from a common nucleus of operative facts. *See Brady v. Brown*, 51 F.3d 810, 815-16 (9th Cir. 1995) ("The operative facts for both the RICO and the state law claims are the same actions described . . . . There was thus a common nucleus of operative facts encompassing both the state and federal claims."). While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), that discretion is further informed by "judicial economy, convenience, fairness, and comity"—the *Gibbs* factors. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Defendant argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because the claims substantially predominate over the ADA claim and Plaintiff's forum shopping abuses the judicial system. Mot. 6–7. Plaintiff, on the other hand, argues that supplemental jurisdiction is appropriate because the state law claims are predicated on the ADA claim and "no novel or complex issues of state law are raised." Opp. 8.

1    Here, the Court finds it appropriate to exercise supplemental jurisdiction over the state law

2    claims because the state and federal claims arise from a common nucleus of operative facts and

3    none of the exceptions of § 1367(c) apply. Defendant does not dispute that the claims arise from a

4    common nucleus of operative facts. Mot. 5–10; Reply 5–8. As for the issue of whether the state

5    law claims substantially predominate over the ADA claim, the Court looks to whether "the state

6    issues substantially predominate . . . in terms of proof, of the scope of the issues raised, or of the

7    comprehensiveness of the remedy sought." *Gibbs*, 383 U.S. at 726. "There may, on the other hand,

8    be situations in which the state claim is so closely tied to questions of federal policy that the

9    argument for exercise of pendent jurisdiction is particularly strong." *Id.* at 727. Under Cal. Civ.

10   Code § 51(f), a violation of an individual's rights under the ADA "shall also constitute a violation

11   of [the Unruh Act]." *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406

12   F. Supp. 2d 1120, 1129 (S.D. Cal. 2005). The fact that the proof and scope of the state law claims

13   are coextensive with the ADA weighs in favor of exercising supplemental jurisdiction. Defendant

14   further argues that the state law claims substantially predominate because the Unruh Act permits

15   monetary damages in addition to injunctive relief, while the ADA only allows injunctive relief.

16   Mot. 6. Maybe so. But this reason, standing alone, does not weigh heavy enough for the Court to

17   conclude that the state law claims substantially predominate over the federal claim. Accepting

18   Defendant's argument "would effectively preclude a district court from ever asserting

19   supplemental jurisdiction over a state law claim under the Unruh Act [in an ADA case]." *Johnson

20   v. Barlow*, No. 06-01150, 2007 WL 1723617, at *3 (E.D. Cal. June 11, 2007). Therefore, the

21   Court finds that the state law claims do not substantially predominate over the federal claim. *See

22   Johnson v. Mariani*, No. 17-CV-01628-BLF, 2017 WL 2929453, at *3 (N.D. Cal. July 10, 2017)

23   (finding that Plaintiff's claim under the Unruh Act does not substantially predominate over his

24   ADA claim).

25   Defendant also argues that Plaintiff is forum shopping to evade the force and effect of Cal.

26   Civ. Proc. Code § 425.50 by filing in this Court. Mot. 8. This argument is best considered in the

27   context of the *Gibbs* factors, "judicial economy, convenience, fairness, and comity," when

28   determining whether to decline supplemental jurisdiction. *Acri*, 114 F.3d at 1002. Forcing Plaintiff

1   to file parallel federal and state proceedings to litigate nearly identical issues would be

2   inconvenient and unfair. And an exercise of supplemental jurisdiction would serve the purpose of

3   judicial economy by avoiding the wasteful duplication in parallel proceedings. As to comity, the

4   Court recognizes that an exercise of supplemental jurisdiction would deprive California state

5   courts the opportunity to interpret issues of state law. Nonetheless, judicial economy, convenience,

6   and fairness still weigh in favor of retaining jurisdiction. The opportunity this case provides for

7   California state courts to develop and apply state law does not tip the scale in favor of declining

8   supplemental jurisdiction.

9          For the foregoing reasons, the Court DENIES Defendant's motion to dismiss Plaintiff's

10  state law claims under Rule 12(b)(1) for lacking supplemental jurisdiction.

11  **V.    MOTION FOR A MORE DEFINITE STATEMENT RULE 12(E)**

12         A motion for a more definite statement, brought pursuant to Rule 12(e), addresses

13  pleadings that are "so vague or ambiguous that a party cannot reasonably be required to frame a

14  responsive pleading." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506,

15  514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient

16  notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

17  Motions under Rule 12(e) are not appropriate when the complaint merely lacks detail, and should

18  be denied "where the complaint is specific enough to apprise the defendant of the substance of the

19  claim being asserted." *QTL Corp. v. Kaplan*, No. C-97-20531 EAI, 1998 WL 303296, at *2 (N.D.

20  Cal. Feb. 2, 1998); *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949

21  (E.D. Cal.1981) ("A motion for a more definite statement should not be granted unless the

22  defendant cannot frame a responsive pleading.").

23         Defendant argues that if the Court decides that Plaintiff has pleaded facts sufficient to state

24  a claim, it should require Plaintiff to provide a more specific statement on how the ADA and the

25  Health and Safety Code have been violated. Mot. 10. The Court finds that the Complaint is

26  "specific enough to apprise the [D]efendant of the substance of the claim[s] being asserted." *QTL*

27  *Corp.*, 1998 WL 303296, at *2. Based on the Complaint, it is clear that Defendant is being sued

28  for violating the ADA and related California statutes due to failure to remove the barriers that

United States District Court
Northern District of California

9

prevent Plaintiff from visiting the Facility. *See* Compl. Accordingly, the Court DENIES Defendant's motion for a more definite statement.

## VI.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss and motion for a more definite statement.

**IT IS SO ORDERED.**

Dated: June 28, 2021

BETH LABSON FREEMAN
United States District Judge