UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENDRIK BLOCK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>7-ELEVEN, INC, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-00048-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF Nos. 49, 50] |

Plaintiff Hendrik Block asserts claims under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* ("Unruh Act"), and California Health and Safety Code § 19955. ECF No. 1 ("Compl."). Plaintiff seeks injunctive relief, statutory damages, attorneys' fees, and costs. *Id.*

Before the Court are the parties' cross motions for summary judgment. Defendants 7-Eleven, Inc., Ha To dba 7-Eleven #29943, and Southwest Expressway Investors, Ltd., a California Limited Partnership ("Defendants") seek summary judgment that Plaintiff lacks standing, that his sole federal claim is moot, and that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. ECF No. 49 ("Mot."); ECF No. 55. Plaintiff opposes the motion. ECF No. 52 ("Opp."). Plaintiff seeks summary judgment that Defendants are liable under the Unruh Act. ECF No. 50 at 2; ECF No. 50-7; ECF No. 56. Defendants oppose the motion. ECF No. 53.

The Court finds these motions suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons discussed below, Plaintiff's motion for summary judgment is DENIED and Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART.

**I.     BACKGROUND**

Plaintiff brought this action after encountering barriers to his access at a 7-Eleven convenience store at 1430 Fruitdale Avenue in San Jose, California ("the Facility").  As he was trying to make his way toward the Facility entrance, Plaintiff claims he tripped and almost fell over a large pothole located in the access aisle at the base of the curb ramp.  ECF No. 50-3 ("Block Decl.") ¶¶ 17–18; ECF No. 50-4.  After installing a new accessible parking stall with adjacent access aisle and curb ramp, Defendants closed the Facility to the public, and it will not be reopened as a convenience store operated by 7-Eleven or its affiliates in the future.  ECF No. 50-1 (Stipulation re: Undisputed Facts, "SUF") ¶¶ 2–3, 10.

Plaintiff estimates that he has been a party to roughly 25 ADA lawsuits.  Ex. A (Deposition of Hendrik Block taken July 5, 2023, "Block Depo.") 21:2–15 ("Q. Can you give me an estimate of how many ADA lawsuits you have been a party to?  A. Maybe 25 or around there.  I'm not sure exactly.").

**II.    LEGAL STANDARD**

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of informing the Court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,*

1  *Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  In judging evidence at the summary judgment stage,
2  the Court "does not assess credibility or weigh the evidence, but simply determines whether there
3  is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006).  Where the
4  moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate
5  that no reasonable trier of fact could find other than for the moving party. *Celotex*, 477 U.S. at
6  325; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

7        If the moving party meets its initial burden, the burden shifts to the nonmoving party to
8  produce evidence supporting its claims or defenses. *Nissan Fire*, 210 F.3d at 1103.  If the
9  nonmoving party does not produce evidence to show a genuine issue of material fact, the moving
10 party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.  "The court must view the
11 evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the
12 nonmovant's favor." *City of Pomona*, 750 F.3d at 1049.  "[T]he 'mere existence of a scintilla of
13 evidence in support of the [nonmovant's] position'" is insufficient to defeat a motion for summary
14 judgment. *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 891 F. Supp. 510, 513–14 (N.D. Cal.
15 1995) (quoting *Anderson*, 477 U.S. at 252).  "'Where the record taken as a whole could not lead a
16 rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *First*
17 *Pac. Networks*, 891 F. Supp. at 514 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
18 475 U.S. 574, 587 (1986)).

19 **III.   DISCUSSION**
20     **A.   Evidentiary Objections**
21      The court first addresses the parties' evidentiary objections.  Defendants made several
22 objections to Plaintiff's motion for summary judgment, ECF Nos. 53-1, 53-2, but have since
23 withdrawn those objections.  ECF No. 54.  Plaintiff objects to Defendants' "Statement of
24 Uncontroverted Facts," ECF No. 49-1, for violating Civil L.R. 56-2(a).  ECF No. 52 at 1.
25 According to Civil L.R. 56-2(a), "[u]nless required by the assigned Judge, no separate statement
26 of undisputed facts or joint statement of undisputed facts shall be submitted."  Plaintiff's objection
27 is sustained, and the Court has not considered this document.  The Court notes that neither party
28 has objected to the "Stipulation re: Undisputed Facts" signed by the parties.  ECF No. 50-1.

### B.    Plaintiff Has Standing But His Sole Federal Claim is Moot

Plaintiff's sole federal claim seeks "injunctive relief, attorney fees, costs, [and] legal expense" for violation of the ADA. ECF No. 1 ("Compl.") ¶ 33. Defendants argue that "Plaintiff's injunctive claims are moot" and that "he lacks standing to pursue them" because the Facility is permanently closed. Mot. at 4. Plaintiff argues that he has standing because "[the Facility] was undisputedly a public accommodation at the time of Plaintiff's visit, and Defendants have presented no evidence to refute that the barriers alleged by Plaintiff existed while the Store was open." Opp. at 3. However, "Plaintiff does not dispute for purposes of this motion that his claims for injunctive relief appear moot." *Id.*

The Court agrees with Plaintiff that he has standing. "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570 n.4 (1992) (noting the "longstanding rule that jurisdiction is to be assessed under the facts existing when the complaint is filed."). Thus, "[t]he requisite personal interest," i.e., standing, "must exist at the commencement of the litigation[.]" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, (2000) (citation omitted). Defendants' argument that Plaintiff has lost standing merely because the Facility was permanently closed after litigation commenced is without merit because the store was open when the complaint was filed. SUF ¶¶ 2–3, 10. Thus, the Court denies Defendants' motion for summary judgment that Plaintiff does not have standing.

The Court, however, agrees with the parties that the ADA claim is moot. "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). This rationale for mootness logically extends to stores that have been permanently closed. The parties do not dispute that the Facility "has been permanently closed to the public and will never reopen at such location," SUF ¶¶ 2–3, and that "[n]o goods, services, facilities, privileges, advantages, or accommodations are offered to the general public at this location." Opp. at 3; *see also* Mot. at 3. Thus, the Court finds that the ADA claim seeking injunctive relief is moot. On this basis, the

1  Court grants Defendants' motion for summary judgment on the ADA claim.  The Court notes that
2  it is not making any factual determinations about the ADA claim.

   **C.**  **The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims**

   Defendants next argue that upon granting summary judgment on Plaintiff's federal claim, the Court should decline supplemental jurisdiction over the state law claims.  Mot. at 4–5.  Plaintiff argues that "the mooting of Plaintiff's ADA claim does not mean his state claims must be dismissed."  Opp. at 6.  Plaintiff adds that because "Plaintiff's claims have already survived a motion to dismiss, the same set of facts underlying both Plaintiff's state and federal claims have been fully explored through fact and expert discovery, and the remaining issues have been fully briefed, it would be duplicative to dismiss Plaintiff's damages claim at this stage and require him to bring an entirely new action in state court merely to recover the $4,000 in damages."  *Id.* at 7.

   The Court recognizes that this case has been pending for over two years and has proceeded though discovery and summary judgment motions.  However, the docket shows that this Court has not made any substantive rulings on Plaintiff's state law claims and its dismissal of the federal claim was not on the underlying merits of the claim.  It is in this posture that the Court revisits whether to decline supplemental jurisdiction over the remaining state law claims.

   A district court "may decline to exercise supplemental jurisdiction over a claim" if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4).  "Dismissal under § 1367(c)(4) entails a two-part inquiry."  *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021).  "First, the district court must articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)."  *Id.* (quoting *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 24 F.3d 1545 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)).  "Second, in determining whether there are 'compelling reasons for declining jurisdiction' in a given case, the court should consider what 'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' articulated in *Gibbs*."  *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)

1  (referring to the *Gibbs* values set out in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,
2  (1966))). "These two inquiries are 'not particularly burdensome.'" *Id.* (quoting *Executive*
3  *Software*, 24 F.3d at 1558). "A court simply must articulate why the circumstances of the case are
4  exceptional in addition to inquiring whether the balance of the *Gibbs* values provide[s] compelling
5  reasons for declining jurisdiction in such circumstances." *Ibid.*

6  A district court may also "decline to exercise supplemental jurisdiction over a claim" if it
7  "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Arroyo*,
8  19 F.4th at 1215 ("no abuse of discretion declining supplemental jurisdiction under § 1367(c)(3)
9  when ADA claims had been dismissed and state law claims might raise additional issues") (citing
10 *Oliver*, 654 F.3d at 911). "[I]n the usual case in which all federal-law claims are eliminated before
11 trial, the [*Gibbs* values] will point toward declining to exercise jurisdiction over the remaining
12 state-law claims." *Carnegie-Mellon*, 484 U.S. at 350, n.7; *Oliver*, 654 F.3d at 911.

13 Because Plaintiff's only federal claim is now moot, nothing suggests that the instant matter
14 is any more than a usual case in which the *Gibbs* values points to dismissal under § 1367(c)(3).
15 *Arroyo*, 19 F.4th at 1215; *Oliver*, 654 F.3d at 911. Alternatively, the posture of this case—that
16 Plaintiff is a "high-frequency" litigant bringing ADA and Unruh Act claims together— also meets
17 the Ninth Circuit's definition of "exceptional circumstances" that would "permit an exercise of
18 case-specific discretion to decline supplemental jurisdiction under § 1367(c)(4)." *Arroyo*, 19 F.4th
19 at 1212–13. Analyses of dismissal under § 1367(c)(3) and § 1367(c)(4) thus converge to
20 evaluation of the *Gibbs* values—judicial economy, convenience, fairness, and comity—which the
21 Court now considers in turn.

22 First, the Court finds that the judicial economy and convenience factors weigh in favor of
23 declining supplemental jurisdiction. The Court has granted Defendants' motion for summary
24 judgment as to Plaintiff's ADA claim, and the Court has not expended substantial resources on
25 this case.

26 The Court also finds that the fairness factor weighs in favor of declining supplemental
27 jurisdiction, as Plaintiff is a high-frequency litigant who may be engaging in forum-shopping to
28 avoid California's additional procedural requirements, such that exercising supplemental

jurisdiction would be unfair to the Defendant. *See Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1018 (9th Cir. 2022) (observing the "procedural oddity" between California's "attempt[ ] to limit abusive lawsuits under these statutes by imposing stricter procedural requirements and higher filing fees" on high-frequency litigants in state court and the ability to "circumvent the restrictions on high-frequency litigants by filing their complaints in federal court, asserting federal question jurisdiction over the ADA claim and supplemental jurisdiction over the state-law claims").

Finally, the Court finds that the principle of comity weighs strongly in favor of declining jurisdiction because "retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Arroyo*, 19 F.4th at 1213 (9th Cir. 2021).

Thus, the Court finds it is both within its discretion and proper to decline to exercise supplemental jurisdiction under both § 1367(c)(3) and § 1367(c)(4).

### D.  Plaintiff's Motion

The Court finds that Plaintiff's sole federal claim is moot because the Facility is closed and declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. As such, Plaintiff's motion for summary judgment is denied as moot.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment that Plaintiff does not have standing is DENIED.
2. Defendants' motion for summary judgment that Plaintiff's ADA claim is moot is GRANTED.
3. Defendants' request that the Court decline to exercise supplemental jurisdiction over the remaining state law claims is GRANTED.
4. Plaintiff's motion for summary judgment that Defendants are liable under the Unruh Act is DENIED as moot.

\\

Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE to refiling in state court.

Dated: January 29, 2024

_____
BETH LABSON FREEMAN
United States District Judge